**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| KENNETH BRAMLETT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  No. 4:21-CV-00042-DDN |
| | ) |
| TROY STEELE, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

Petitioner Kenneth Bramlett (reg. no. 1087573), an inmate at the Eastern Reception Diagnostic and Correctional Center, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Having carefully reviewed the petition, the Court will dismiss this case because it is not yet ripe for review.

On January 27, 2020, petitioner was charged with one count of kidnapping in the first degree in violation of Mo. Rev. Stat. § 558.011; six counts of sodomy in the first degree in violation of Mo. Rev. Stat. § 566.030; one count of promoting prostitution in the first degree in violation of Mo. Rev. Stat. § 558.011.1(2); one count of trafficking for the purpose of sexual exploitation in violation of Mo. Rev. Stat. §§ 558.011 and 560.011; and two counts of domestic assault in the second degree in violation of Mo. Rev. Stat. § 558.002 and 558.011. *See State v. Bramlett*, Case No. 20SO-CR00093 (33rd Judicial Circuit, Scott County Court).

Petitioner states the above charges were a violation of his conditions of parole and he has since been "held in prison on a no bond order." Petitioner claims he has yet to have a preliminary hearing because it has been continued six times as a result of the coronavirus pandemic. Petitioner

-1-

appears to challenge his detainment without a hearing as well as the future possibility of the revocation of his parole due to "false names" on the warrant.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. The instant habeas petition will be summarily dismissed because it is not ripe for review and petitioner has yet to exhaust his administrative remedies.

Petitioner cannot challenge his parole revocation with this Court because it is not yet certain his parole will be revoked as his underlying criminal case is still pending before the Missouri circuit court. Although petitioner has yet to appear for a preliminary hearing, the Constitution permits the State of Missouri to issue a parole warrant and detainer without a hearing. *See Moody v. Daggett*, 429 U.S. 78, 87-88 (1976) (prisoner facing a detainer has no right to a speedy preliminary hearing; rather, he only has the right to one full hearing).

If petitioner's parole is revoked in the future, and after he exhausts his adequate remedies, he may then invoke federal habeas corpus jurisdiction. *See Braden v. 30th Jud. Cir. Ct. of Ky*, 410 U.S. 484 (1973). A Missouri prisoner must exhaust his state court remedies by challenging his parole decision via one of these three avenues provided by Missouri law: (1) by bringing a declaratory action against the Board, (2) by filing a state petition for habeas corpus, or (3) by filing a petition for writ of mandamus. *Wayne v. Missouri Bd. of Prob. and Parole*, 83 F.3d 994, 996-97 (8th Cir. 1996).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

An Order of Dismissal shall accompany this Memorandum and Order.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

Dated this 9th day of February, 2021.